### Stephen S. PACKARD, Plaintiff Appellant,

v.

### CONTINENTAL AIRLINES, INC., Defendant Appellee.

No. 01–4013.

United States Court of Appeals, Tenth Circuit.

Dec. 19, 2001.

Before HENRY, BARRETT, and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Stephen S. Packard appeals from the district court's order dismissing, as time barred, this action brought pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654. We agree with the district court that this action is barred by the statute of limitations and affirm.

### I.  Facts

Mr. Packard began working as a flight attendant for Frontier Airlines in 1976. In 1986, defendant Continental Airlines acquired Frontier. Mr. Packard continued his career with Continental. He lived in Salt Lake City, but was based in Denver, working international flights—usually Denver to London. In 1990, due to cutbacks, Mr. Packard's usual flight was reassigned to Houston. Mr. Packard transferred his base to Houston, but continued living in Salt Lake City. Further flight cutbacks greatly impacted his ability to get to Houston for his flights.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Packard considered transferring to Houston. However, his mother had had cardiac bypass surgery approximately eighteen months before and was experiencing a slow recovery due to a series of minor strokes. Mr. Packard requested a leave of absence so he could arrange for her continuing care, after which he planned to move to Houston. That leave was denied.

Mr. Packard then decided to apply for the early-out program defendant was offering its employees. He submitted a signed application asking to be released as soon as possible so he could care for his mother. At that point, he received a letter advising him of his rights under the FMLA and encouraging him to explore the possibility of taking FMLA leave. Mr. Packard asked to rescind his early-out application, but did not apply for FMLA leave. Apparently, Mr. Packard decided that he first had to rescind his early-out decision before applying for FMLA leave. Defendant would not permit him to rescind the decision. He last worked for defendant September 30, 1994.

II. Procedural History

Mr. Packard commenced this action in district court September 17, 1997. He alleged that defendant violated the FMLA by (1) failing to post notices to employees of their rights under the FMLA, (2) failing to inform him personally that he was entitled to apply for FMLA leave, and (3) "coercing" him to elect to participate in the early-out program and then, after he had learned of his rights, refusing to permit him to rescind that decision. The district court dismissed the action with prejudice holding that the two-year statute of limitations governed this action and, thus, the filing was untimely. The court concluded that the three-year statute of limitations applicable for willful violations did not apply.

Mr. Packard contends his action was timely as defendant's actions were willful and the three-year statute applies and began to run on his last day of work. Defendant counters that even should the three-year statute apply, it began running, at the latest, on August 19, 1994, when Mr. Packard was informed he should explore the possibility of taking FMLA leave. Thus, defendant maintains that this action is untimely under either limitations period. Mr. Packard admits his action is untimely should the two-year statute control.

II. Controlling Law

We review the district court's ruling regarding the applicability of a statute of limitations de novo. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir.1994).

Section 2617(c)(1) of the FMLA provides that actions alleging violations of the FMLA must be brought within two years of the alleged violation. However, § 2617(c)(2) provides that if the FMLA action alleges a willful violation, the action must be brought within three years of "the last event constituting the alleged violation for which such action is brought."

The FMLA does not define the word "willful." However, the Supreme Court has stated that the word "is generally understood to refer to conduct that is not merely negligent." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). The plaintiff must show "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . . ." *Id.*

III. Analysis

A. Statutory Violation

Mr. Packard has shown, at best, negligence on the part of defendant. He has

failed to show that defendant wilfully disregarded its duties under the statute. Even if we were to consider willful his supervisor's failure in May 1994 to tell him of the possibility of FMLA leave, that act occurred over three years before Mr. Packard filed this action.

### B. Tolling/Continuing Violation

Mr. Packard argues his claim did not arise until September 30, 1994, his final day at work. He urges that even if his supervisor's actions in May 1994 are determined to be the defendant's willful act which violated the statute, we should decide that his action was still timely either because the continuing violation doctrine preserved his cause of action or because the statute of limitations was tolled until September 30.

The FMLA does not contain provisions for tolling the statute of limitations nor does it address the continuing violation doctrine. While we do not decide here that these doctrines apply to violations alleged under the FMLA, we will borrow the analyses presented in Title VII actions to guide our discussion of Mr. Packard's arguments. *See, e.g., Blankenship v. Buchanan Gen. Hosp.*, 999 F.Supp. 832, 838 (W.D.Va.1998) (applying equitable estoppel discussion from ADEA and Title VII case law to guide its analysis in FMLA case).

"The continuing violation doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated." *Martin v. Nannie & Newborns, Inc.*, 3 F.3d 1410, 1415 n. 6 (10th Cir.1993). Thus, a continuing violation claim will likely fail if the plaintiff knew, or through the exercise of reasonable diligence should have known, he was being discriminated against at the time the earlier events oc-

curred. *See id.* Mr. Packard knew by August 19, 1994, that he could apply for leave under the FMLA.

We cannot accept Mr. Packard's argument that the statute of limitations should be tolled until his last day at work. We have "recognized equitable tolling of . . . time limitations only if the circumstances of the case rise to the level of active deception which might invoke the powers of equity to toll the limitations period. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by [the actions of others]." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264,1267 (10th Cir.1996) (quotations omitted).

While, arguably, Mr. Packard's supervisor erred by not informing him of the availability of the FMLA, that error was corrected on August 19, 1994. Thus, even if his supervisor actively misled Mr. Packard, his case was still filed beyond the statute of limitations.

### IV. Conclusion

Under either the two-year or the three-year statute of limitations, Mr. Packard's case was filed beyond the controlling date. We AFFIRM the judgment of the United States District Court for the District of Utah.